

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2006

# Bailey v. Reading Housing Auth

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2722

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bailey v. Reading Housing Auth" (2006). *2006 Decisions*. Paper 760.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/760

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2722

RICARDO G. BAILEY,
                                        Appellant

v.

READING HOUSING AUTHORITY;
DANIEL F. LUCKEY; RICHARD MULUTZIE


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No: 04-cv-2532)
District Judge: Honorable Juan R. Sanchez

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2006

Before: SCIRICA, Chief Judge, MCKEE and STAPLETON, Circuit Judges

(Opinion filed:    July 11, 2006)


OPINION

McKEE, Circuit Judge.

        Ricardo Bailey appeals the district court's grant of summary judgment in favor of

all defendants in the suit he filed alleging that he was fired from his employment with the

Reading Housing Authority because of illegal racial discrimination. For reasons that

follow, we will affirm.

        Since we write primarily for the parties who are familiar with this dispute, we do

not recite the facts. The district court explained why summary judgment is appropriate in this case in the succinct Memorandum and Order it filed on April 29, 2005. App. at A2. There, the court set forth the elements of plaintiff's *prima facie* case and explained that Bailey had not produced evidence that non-members of the protected class were treated more favorably than Bailey. We will affirm substantially for the reasons set forth by the district court.

Bailey claims the court erred in concluding that his allegation that "Mulutzie, a Caucasian, was promoted in 1995 despite being well known for sleeping on the job" was insufficient to support a *prima facie* case of discrimination. App. at A5. He argues that "sworn statements by a party opposing summary judgment may not just be swept away by describing them as allegations or bald assertions." Rather, he cites *Levendos v. Stern Entertainment*, *Inc.*, 860 F.2d 1227, 1231 (3d Cir. 1988) to argue that "such a sworn statement or testimony by itself is sufficient to raise an issue of material fact," Appellant's Br. at 12. In a footnote in *Levendos*, we cited *Jackson v. University of Pittsburgh*, 826 F.2d 230, 236 (3d Cir. 1987), *cert denied*, 484 U.S. 1020 (1988) in stating that "'No rule of law . . . provides that a discrimination plaintiff may not testify in his or her own behalf, or that such testimony, standing alone, can never make out a case of discrimination that will survive summary judgment.'" However, Bailey reads far too much into that excerpt and his argument requires that we stretch it beyond the context of that case. In *Levendos*, the plaintiff's affidavit contained allegations of specific acts of

2

discrimination based upon her own knowledge including nonhearsay statements to other employees that she was not fit because she was a woman. She also claimed stolen items were placed in her locker so that she could be falsely accused of theft. She further submitted the affidavit of a co-employee who stated that her reputation was excellent and she was popular with customers. All of that evidence was admissible at trial. That is quite different from Bailey's attempt to create a genuine issue of material fact by allegations that it was "common knowledge" that a White employee also slept on the job.

In addition, although Bailey does address the issue of municipal liability in his Reply brief, the record here is clearly inadequate to establish municipal liability under *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978), and its progeny.

Accordingly, for all the reasons set forth above, we will affirm the order of the district court.